**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE ADALBERTO MANCIA ALVAREZ,**<br>**Petitioner,**<br>v.<br>**ERNESTO SANTACRUZ JR., et al.,**<br>**Respondents.** | **NO. 2:26-cv-09129-KS**<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

## BACKGROUND

Before the Court is a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed by Petitioner's retained counsel on August 17, 2026. (Dkt. No. 1.[1]) Petitioner alleges that he is a citizen of Honduras who has resided in the United States for "over ten years." (Dkt. No. 1 at 2; Dkt. No. 1-1 at 3.) Petitioner entered the United States at ten years old on or about June 8, 2014. (Dkt. No. 1-1 at 3.) Immigration authorities took Petitioner into custody, initiated removal proceedings, and released Petitioner on his own recognizance on certain conditions on June 9, 2014. (*Id.* at 3, 7.)

[1] The Court's document and page citations refer to the document and page numbers provided by its CM-ECF docketing system; the page numbers appear near the upper right corner of each page.

Petitioner "is the father of two young children who are United States citizens" and "has been in a romantic relationship with a United States citizen for over six years." (*Id.* at 5.) Further, Petitioner's "romantic partner is a stay-at-home mother to their twin daughters, and he is the sole provider for his family." (*Id.*) Petitioner has also "been lawfully employed as a land surveyor for two years" and "is being trained to supervise his own crew in the future." (*Id.*)

The Petition raises three prospective claims: violation of procedural due process, violation of substantive due process, and violation of the Administrative Procedure Act, which are all premised on the assumption that Petitioner's approved I-360 Petition with deferred action and his prior release from custody create a liberty interest, and that ICE will seek to re-detain Petitioner. (Dkt. No. 1 at 8-19.)

On the same date that the Petition was filed, Petitioner's counsel also filed an Application for Ex Parte Temporary Restraining Order ("TRO Application"). (Dkt. No. 3.) Petitioner's TRO Application requested that the Court grant a temporary restraining order and a preliminary injunction:

> prohibiting Respondents from re-detaining him unless he is afforded a pre-deprivation hearing before a neutral adjudicator to evaluate whether he is a danger to the community or a flight risk, even after consideration of alternatives to detention that could mitigate any risk of danger or flight and taking into account his ability to pay a bond.

(Dkt. No. 3 at 21.) Further, to the extent Petitioner is re-detained, the TRO Application also requested that the Court "further enjoin Respondents from removing Petitioner from the United States or transferring him outside of the jurisdiction of the Central District of California while this matter is pending." (*Id.*)

On August 17, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("GO 26-05 Notice"). (Dkt. No. 6.) The GO 26-05 Notice directed "Respondents to show cause why the writ of habeas corpus should not be granted." (*Id.* at 1.) More specifically, the GO 26-05 Notice required Respondents to "file a notice of appearance within 3 calendar days" and "file an answer to the habeas petition no later than 7 days . . . ." (*Id.* at 2.)

On August 18, 2026, the Court ordered briefing on the TRO Application. (Dkt. No. 7.) The Court gave Respondents the option to "file a combined response to the TRO Application and the underlying habeas petition." (*Id.*)

To date, Respondents have not entered an appearance in this case, did not file any opposition to the TRO Application, and have not filed an Answer to the Petition as directed by the GO 26-05 Notice.

On August 24, 2026, Petitioner's counsel filed a Reply in support of the TRO Application arguing that "[b]ecause Respondents have not opposed the [TRO] Application, its merits are conceded and the [TRO] Application should be granted." (Dkt. No. 9.)

On August 26, 2026, the Court issued a Minute Order granting Petitioner's TRO Application. (Dkt. No. 10.) More specifically, the Court enjoined Respondents "from detaining Petitioner pending further order of this Court" and "[t]o the extent Petitioner was already re-detained at his August 18, 2026 check-in," enjoining Respondents "from removing Petitioner from the United States or transferring him outside of the jurisdiction of the Central District of California while this matter is pending." (*Id.* at 8.)

On August 27, 2026, Petitioner's counsel filed a Reply in support of the Petition requesting that the Court grant the Petition in full

> and enjoin Respondents from re-detaining Petitioner or subjecting him to additional restraints on his liberty without at least seven days' notice of a pre-deprivation hearing before a neutral arbiter where the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight such that his re-detention is warranted.

(Dkt. No. 11.)

This action has been fully consented to in accordance with General Order 26-05, and this case is proceeding before the assigned Chief Magistrate Judge. (Dkt. Nos. 6, 8.)

**DISCUSSION**

28 U.S.C. section 2241 provides, in pertinent part, that a writ of habeas corpus extends to individuals who are in custody "under or by color of the authority of the United States or [are] committed for trial before some court thereof" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Furthermore, 28 U.S.C. section 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" and that such an order

to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Additionally, "[i]n our adversarial system of adjudication, we follow the principle of party presentation" such that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Moreover, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (citation, internal quotation marks, and brackets omitted). Indeed, "[c]ourts are essentially passive instruments of government" and they "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* at 376 (citation and brackets omitted).

Here, the GO 26-05 Notice issued on August 17, 2026, directed Respondents to show cause within seven days why the Petition should not be granted by filing an Answer to the Petition. (Dkt. No. 6 at 1-2.) Respondents did not enter an appearance, file an opposition to the TRO Application, or file an Answer to the Petition. Put another way, Respondents did not show cause "why the writ of habeas corpus should not be granted" but instead raised no opposition to habeas relief whatsoever. Consequently, as it *does not* appear from the face of the Petition that Petitioner "is not entitled" to relief, and the time to show cause has passed with none having been shown, the Court finds that it may now "forthwith award the writ." 28 U.S.C. § 2243; *Sineneng-Smith*, 590 U.S. at 375-76.

\\

\\

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the unopposed Petition. A writ of habeas corpus shall issue. To the extent Petitioner has been detained during the pendency of this action, Respondents are **ORDERED** to **IMMEDIATELY RELEASE PETITIONER JOSE ADALBERTO MANCIA ALVAREZ [A-File No. 206 756 793]** from custody subject to the same conditions that Petitioner was subject to on the order of supervision prior to the time Petitioner was arrested and detained. Respondents shall also return all property confiscated from Petitioner (if any) during Petitioner's arrest and processing.

To the extent Petitioner has remained free of detention during the pendency of this action, Respondents **ARE ENJOINED** from re-detaining Petitioner or subjecting him to additional restraints on his liberty without at least seven days' notice of a pre-deprivation hearing before a neutral arbiter where the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight such that his re-detention is warranted.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

**IT IS SO ORDERED.**

DATE: October 6, 2026

Karen L. Stevenson

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE